**Willie ROBERSON, Plaintiff,**

v.

**RYDER TRUCK LINES, INC., et al., Defendants.**

**No. EC6574.**

United States District Court

N. D. Mississippi, E. D.

Sept. 23, 1966.

Max D. Lucas, Jr., Kirkpatrick & Lucas, Memphis, Tenn., for plaintiff.

James E. Price, Stovall & Price, Corinth, Miss., for defendants.

### MEMORANDUM OPINION AND ORDER

CLAYTON, Chief Judge.

In this personal injury damage suit, when plaintiff's discovery deposition was taken by defendants, he declined to divulge the names of two men whose names, he said, were known to his attorney. These men, he testified, were on a pulpwood truck which he passed a short time before the collision which gives rise to this suit. He testified that these two men might or might not have actually seen the accident when it happened. This course of action was taken by plaintiff on advice of his attorney.

Within the week, defendants propounded interrogatories to plaintiff, one of which asked for the names and addresses of the aforementioned men. Rule 33, Federal Rules of Civil Proce-

dure. Plaintiff did not respond at all within the time allowed therefor and defendants moved to dismiss because of this default. Before that motion was ready for disposition, plaintiff served answers on defendants to all of said interrogatories except Interrogatory No. 1, which had asked for the names and addresses of the aforesaid possible eye witnesses. To it he responded: "These names are known to my attorney, but not to me."

Defendants' motion to require the plaintiff to answer Interrogatory No. 1 is now before the court for disposition on briefs and affidavits furnished by the parties.

It is plaintiff's position that since the names and addresses of these possible eye witnesses were obtained by an investigator employed by plaintiff's attorney, that this is a part of the attorney's work product, and under Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and its progeny, disclosure of these names may not now be required. But this is a misconception of what was said in that case. There the court was dealing with an attempt, without any showing of justification, to secure *statements*, private *memoranda*, and personal recollections *prepared* or *formed* by an adverse party's counsel. Defendant here asks only for the names and addresses of prospective witnesses or of people who might know something about the incident upon which plaintiff's claim is based.

Plaintiff also relies upon cases which have held that the attorney of a party cannot be required to answer interrogatories propounded under Rule 33, Federal Rules of Civil Procedure, since he is not a party, but such information as may rightfully be obtained from him must be obtained by deposition under Rule 26, Federal Rules of Civil Procedure. But these cases have no application here, since no interrogatories have been propounded to plaintiff's attorney.

It is inconceivable that any court would say that the names and addresses of prospective witnesses could be classified as the work product of an attorney. It also would be astonishing if plaintiff here could not readily obtain these names and addresses from his attorney if in fact plaintiff does not already have this information. Hence, it would be in keeping with the plain intent and purpose of the rules with respect to discovery to require plaintiff to answer fully in response to the aforementioned Interrogatory No. 1 propounded to him by defendants. This he will be required to do upon pain of having sanctions imposed on him as is authorized under the rules. To do otherwise would permit an unwarranted subversion or evasion of these discovery rules.

Defendants' motion also asked that plaintiff be required to pay to them the amount of the reasonable expenses incurred in obtaining this order, including reasonable attorney's fees. It would be proper, in the opinion of this court, to defer taking any action upon these aspects of defendants' motion until after plaintiff's intentions with respect to furnishing said names and addresses shall have been ascertained.

In accordance with the foregoing, it is Ordered:

1) Plaintiff shall be and he is hereby required to respond fully to the aforementioned Interrogatory No. 1 heretofore propounded to him by defendants by furnishing the correct names and addresses sought thereby to defendants within ten days from the date of this order.

2) That final disposition of the question as to whether plaintiff will be required to pay to defendants the amount of the reasonable expenses incurred in obtaining this order, including reasonable attorney's fees, shall be and the same is hereby continued and deferred until such time in the future as seems appropriate for further attention thereto.